# TERRITORY OF HAWAII *v.* GEO. W. SMITH, SAMUEL L. RUMSEY, ALEXIS JEAN GIGNOUX, JAMES C. McGILL, W. C. McGONAGLE AND JAMES A. KENNEDY.

APPEAL FROM DISTRICT COURT, HONOLULU.

ARGUED JUNE 12, 1906.            DECIDED JUNE 22, 1906.

FREAR, C.J., HARTWELL AND WILDER, JJ.

CORPORATION—*annual exhibit.*

> Under Sec. 2565, R. L., persons who do business and hold themselves out as a corporation cannot be found guilty of a misdemeanor for not filing the annual exhibit of the corporation required by Sec. 2566, R. L.

## OPINION OF THE COURT BY WILDER, J.

This is an appeal on points of law from the district court of Honolulu where defendants were convicted under Sec. 2565, R. L., of unlawfully doing business as a corporation in Honolulu on February 1, 1906, under the name of Benson, Smith & Co., Ltd., and holding themselves out as a corporation under that name, without having complied with Sec. 2566, R. L., in that they failed, neglected and refused to make and file a full and accurate exhibit of the state of affairs of Benson, Smith & Co., Ltd., for the year ending December 31, 1905.

Benson, Smith & Co., Ltd., was incorporated in January, 1898, all the prerequisites of the statutes having been complied with.

As correctly pointed out by the brief of the senior counsel for defendants, all the points of law resolve themselves into but practically one question, which is, whether, under Sec. 2565, R. L., these defendants can be found guilty of failing to comply with the provisions of Sec. 2566, R. L.

These two sections of the Revised Laws are as follows:

"Any person or persons who shall make a false statement in any affidavit, return, statement or certificate of stock in regard to a corporation, or who shall overvalue any property mentioned in such affidavit, statement or return, or who shall do business as a corporation or hold themselves out to be a corporation without having complied with the provisions of law, shall be held to be guilty of a misdemeanor, and upon conviction shall be punished by a fine not exceeding five thousand dollars." R. L., Sec. 2565.

"Every corporation not eleemosynary, religious, literary or educational, shall annually present a full and accurate exhibit of the state of its affairs to the treasurer, at such times as the treasurer shall direct. The said treasurer shall have power, either himself, or by one or more commissioners appointed by him, to call for the production of the books and papers of the corporation, and to examine its officers, members, and others touching its affairs, under oath. The annual reports above mentioned, and the result of such examination, the treasurer may in his discretion lay before the governor, and also publish. In case any such corporation shall refuse to produce its books and papers upon the request of the treasurer, or the commissioners appointed by him, or in case any of the officers or members of such corporation shall refuse to be examined on oath, touching the affairs of the corporation, then the treasurer, or the commissioners, may apply to a circuit judge at chambers for an order to compel the production of the books and papers, or the examination of such officers or members of the corporation, obedience to which order may be enforced by said judge, in like manner with its ordinary decrees and orders." R. L., Sec. 2566.

Sec. 2565, R. L., as originally enacted, had a sentence at the end in regard to the jurisdiction of police justices, which sentence was repealed by the Laws of 1903, Act 8, Sec. 1.

These two sections mean the same now as they did when originally enacted, so far as this case is concerned, and consequently all that large portion of the argument on behalf of defendants about the powers of the code commission, the difference between a revision, a compilation and a code, the powers of the legislature in enacting the Revised Laws, and the claim that the Organic Act enacted the civil laws and the penal laws

of 1897 compiled by S. M. Ballou, is not in point and only tends to befog the main issue which we have already stated.

In order that defendants be guilty they must have made (1) a false statement or overvaluation of property in an affidavit, return, statement or certificate of stock, or (2) have done business as a corporation or held themselves out to be a corporation without having complied with the provisions of law. As defendants are not charged with making either a false statement or an overvaluation of property, they must come within the second classification or not at all. Even if defendants have done business as a corporation and held themselves out to be a corporation, what provision of law have they violated? It is neither charged nor claimed that any provision of law prerequisite to the formation of a corporation has been violated, but it is claimed that the defendants violated the requirement that a corporation shall annually present a full and accurate exhibit of the state of its affairs to the treasurer. The difficulty with that claim is that the statute requires the corporation and only the corporation to present such an exhibit. In brief, defendants were charged with, and found guilty of, not filing something which they are not, but the corporation is, required to file. Defendants could as well be charged with, and found guilty of, a misdemeanor in case Benson, Smith & Co., Ltd., issued bills or other evidences of debt for circulation as money, which by Sec. 2560, R. L., a corporation cannot do.

The judgment appealed from is reversed and the defendants are discharged.

*E. C. Peters, Attorney General,* for plaintiff.

*R. W. Breckons* and *S. B. Kingsbury* for defendants.